IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE LOPEZ,

        Plaintiff,

    vs.                                               Civ. No.09-1197 WPJ/WDS

WEST LAS VEGAS SCHOOL DISTRICT, et. al.,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENT RESPONSE

THIS MATTER comes before the Court upon Plaintiff's Motion for Leave to File

Supplemental Responses to Defendants' Motions to Dismiss Counts I, II, III, IV, V and VI, filed

February 15, 2012 **(Doc. 51)**.  Having considered the parties' briefs and the applicable law, I find

that Plaintiff's motion is not well-taken and therefore, is denied.

As a purely procedural matter, the Court notes that Plaintiff should have filed *two*

separate motions for leave to file "supplemental responses," under this Court's Administrative

Order 92-88, which requires separate pleadings for each requested relief.[1]  Plaintiff compounds

the error by making the same mistake with regard to the filing of one response (Doc. 49) to

respond to two of Defendants' motions to dismiss.  Also, while Plaintiff captions the instant

motion as a request for a "supplemental response," she actually seeks leave of Court to file a

surreply under D.N.M.LR-Civ. 7.4(b), contending that Defendants raised new grounds for the

---

[1]  The Administrative Orders can be found on the Court's external website, under
"General Information."

first time in their reply.  *See Beaird v. Seagate Tech., Inc.,* 145 F.3d 1159 (10th Cir. 1998);

*Garcia v. Luna Community College, et al.*, CIV 04- 27 (D. N.M. February 1, 2005) (Where a

reply contains new material or argument, courts must either refrain from relying on the new

material or argument in ruling on the motion, or permit a surreply).

In her response to Defendants' motions to dismiss, Plaintiff claims that Defendants'

motions to dismiss are untimely because they were not filed before the Answer was filed.  Rule

12(b) of the Federal Rules of Civil Procedure states that a motion asserting 12(b) defenses "must

be made before pleading if a responsive pleading is allowed."  Fed.R.Civ.P 12(b).  Plaintiff seeks

relief either in the form of a denial of Defendants' motions to dismiss, or granting Plaintiff leave

to file a "supplemental response"— that is, a surreply.  The Court finds that neither request is

appropriate.

Defendants' motions to dismiss raised only two substantive arguments: (1) that Plaintiff's

Complaint did not adequately allege exhaustion of administrative remedies, and (2) that the

Complaint fails to state a claim upon which relief can be granted.   As Defendants note,

Plaintiff's consolidated response did not address the motions on a substantive level, but instead

relied solely on the procedural argument that Defendants' motions were untimely as Rule

12(b)(6) motions.  Defendants' reply did not raise new grounds, but directly addressed the

procedural issue by arguing that the motions to dismiss are appropriately considered as Rule

12(c) motions.  If allowed to file a surreply, Plaintiff intends to file a forty or fifty page affidavit

to support her contention that administrative remedies have been exhausted.  Doc. 51 at 4.  Even

if the Court granted Plaintiff leave to file a surreply, the substance of the proposed surreply is

unsuitable.  I agree with Defendants that it appears to be an attempt by Plaintiff to avoid

complying with the requirements of Rule 15 in amending her Complaint, and to get another shot

at responding to the substantive argument raised in Defendants' motions to dismiss.

Plaintiff urges the Court to take judicial notice of the additional pleadings and facts which she proposes to file.  Rule 201 of the Federal Rules of Evidence 201 allows a court to take judicial notice of a fact that "is generally known within the trial court's territorial jurisdiction" or which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Obviously, the pleadings and facts which Plaintiff proposes to provide do not fall into either of these categories.

None of the information in the proposed surreply responds to the procedural issue at all. Moreover, the Court finds no reason to allow further briefing on an issue that is rather cut-and-dry.  First, the procedural issue raised by Plaintiff (*not* Defendants, as Plaintiff contends) is a purely legal issue, not requiring any additional facts or assertions that can be found in an affidavit.  Second, Defendants's reply adequately responded to the issue by noting that an unlabeled or mislabeled Rule 12(b)(6) motion to dismiss submitted after an answer is filed will be treated as a Rule 12(c) motion.  *Erlich v. Ouellette, Labonte, Roberge and Allen, P.A.*,  637 F.3d 32, 35, n.4  (1st Cir. 2011); *MacDonald v. Grace Church Seattle*, 457 F.3d 123, 125-26 (2d Cir. 2001).  In their reply, Defendants directed Plaintiff to Fed.R.Civ.P. 12(h)(2), which states that a motion for failure to state a claim may also be brought in a Rule 12(c) motion. Fed.R.Civ.P 12(h)(2)(B); *Alioto v. Town of Lisbon*, 651 F.3d 715, 718 (7th Cir. 2011) (accord); *Warzon v. Drew*, 60 F.3d 1234, 1237 (7th Cir. 1995) (motion for judgment on pleadings may be made at any time after the pleadings are closed).  Therefore, Defendants' motions to dismiss were not untimely filed and will be considered as motions under Rule 12(c).

However, a court may refuse to hear a motion that is filed too long after the pleadings are closed and may consider such a motion as untimely.  *General Elec. Co. v. Sargent & Lundy*, 916

F.2d 1119, 1131 (6th Cir. 1990) (any party may move for a judgment on the pleadings after "the

pleadings are closed but within such time as not to delay the trial").  Such is not the case here

because any delay in this case is not due to the filing of Defendants' motions to dismiss.  The

complaint was initially filed more than two years ago, on December 22, 2009, by Plaintiff's

previous counsel, Mr. Dennis Montoya, who has since been suspended from the practice of law

for a period of one year.  *See In re Montoya*, 150 N.M. 731, 266 P.3d 11 (2011).  Mr. Montoya

withdrew as counsel in the case on January 7, 2011.  Doc. 28.  The case was stayed in order to

afford Plaintiff an opportunity to find replacement counsel.  Doc. 29.  On April 7, 2011, current

counsel Marcus E. Garcia entered an appearance on behalf of Plaintiff.  Doc. 31.  The Court's

Order adopting the Second Joint Status Report and Provisional Discovery Plan (Doc. 36) and a

new Scheduling Order (Doc. 37) were not filed until July 26, 2011.  The Scheduling Order set

the close of discovery on January 20, 2012, and the Court did not set other deadline dates "in

view of Plaintiff's stated intention to move to amend the complaint. . . ."  Doc. 37 at 2.

Defendants filed their motions to dismiss on January 11, 2012, after waiting almost six months

for Plaintiff to amend her complaint.

Given these circumstances, Plaintiff can hardly claim to be prejudiced by the Court's

acceptance of Defendants' motions to dismiss as Rule 12(c) motions.  Any delay in this case has

been on Plaintiff's part, either due to the withdrawal of Mr. Montoya, finding new counsel, and

finally, waiting for Plaintiff to file an amended complaint, which never happened.

**Conclusion**

In sum, I find and conclude that Defendants' motions to dismiss were not untimely filed.

The Court will treat Defendants' Motions to Dismiss (Docs. 41 and 42) as motions filed under

Rule 12(c).  Further, I find and conclude that Plaintiff's request to file a surreply has no merit

and shall be DENIED.  Defendants's reply adequately responded to the procedural issue.

Further briefing on this legal issue would not be helpful, and the filing of additional facts or

assertions is inappropriate in a surreply in these circumstances.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Supplemental Responses to

Defendants' Motions to Dismiss Counts I, II, III, IV, V and VI (**Doc. 51**) is hereby DENIED for

the above-described reasons.

_____
UNITED STATES DISTRICT JUDGE