IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE LOPEZ,

    Plaintiff,

v.      NO. 09-CV-1197 WJ/WDS

WEST LAS VEGAS SCHOOL DISTRICT;
JAMES ABREAU, Superintendent, WLVSD, in his
individual capacity; JOSEPHINE ROMERO, Principal,
West Las Vegas Middle School, in her individual capacity;
JOHN BUSTOS, Principal, Tony Serna Elementary
School, WLVSD, in his individual capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

THIS MATTER comes before the Court on Defendant West Las Vegas School District's Motion to Dismiss Counts I, II, and III **(doc. 41)**, filed January 11, 2012, and Defendants' Motion to Dismiss Counts IV, V, and VI **(doc 42)**, also filed January 11, 2012. Defendants seek to dismiss claims brought against them by Plaintiff Jane Lopez, alleging various sorts of discrimination. After considering the parties' briefs and the applicable law, the Court finds that Defendants' motions are well taken and will be **GRANTED**.

### BACKGROUND

Plaintiff Jane Lopez was employed by Defendant West Las Vegas School District, beginning in 1979. In April of 2007, Plaintiff received a reprimand for "not meeting expectations" as well as a negative recommendation, and in June of 2007 Plaintiff was demoted from Assistant School Principal to Special Education Teacher. The following year, in June of 2008, Plaintiff received a negative performance evaluation. Plaintiff filed her Complaint in this

case on December 22, 2009.  Her Complaint alleges six counts:

>Count I: Discrimination and retaliation contrary to the Age Discrimination in Employment Act ("ADEA"), against Defendant WLVSD;

>Count II: Discrimination and retaliation contrary to the Americans with Disabilities Act ("ADA"), against Defendant WLVSD;

>Count III: Discrimination and retaliation contrary to the New Mexico Human Rights Act ("NMHRA"), against Defencand WLVSD;

>Count IV: Denial of equal protection pursuant to 42 U.S.C. § 1983, against all Defendants;

>Count V: First Amendment retaliation, against all Defendants;

>Count VI: Punitive damages, against the individually named Defendants.

Plaintiff's original counsel, Mr. Dennis Montoya, withdrew as counsel on January 7, 2011, and has since been suspended from the practice of law.  *See In re Montoya*, 266 P.3d 11 (N.M. 2011).  Plaintiff's present counsel entered an appearance on April 7, 2011.  Defendants filed their motions to dismiss on January 11, 2012.  Plaintiff responded to the motions solely by arguing that the motions were untimely under Rule 12(b)(6).  Defendants replied that although their motions were styled as motions to dismiss under Rule 12(b)(6), it was proper for the Court to interpret them as motions for judgment on the pleadings under Rule 12(c).  Thereupon Plaintiff sought to file a surreply in order to address Defendant's arguments with regard to administrative exhaustion.  The Court accepted Defendants' motions as Rule 12(c) motions and denied Plaintiff's request to file a surreply in its Memorandum Opinion and Order Denying Plaintiff's Motion for Leave to File Supplement Response.  (Doc. 57.)  Now before the Court is the substance of Defendants' motions, construed as Rule 12(c) motions for judgment on the pleadings.

## DISCUSSION

"A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992).  In reviewing a motion to dismiss for failure to state a claim, the Court accepts all well-pleaded factual allegations in the complaint as true and then determines whether the complaint plausibly states a legal claim for relief.  *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).  To survive a motion to dismiss, a complaint must contain sufficient factual allegations which, if true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Conclusory allegations of liability, without supporting factual content, are insufficient.  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

Defendants argue that the factual allegations in the Complaint are insufficient to state a claim for relief.  The factual allegations in the Complaint amount to this:

- Plaintiff is 59 years of age or older, is disabled, engaged in "complaint filing activity," and engaged in free speech of some kind.

- Plaintiff was disciplined, given poor recommendations, and demoted by her employer and variously by the individually named Defendants.  The reason given for the demotion was that it was "in the best interests of the school district."  The "objective of the false performance evaluation was to falsely and unfairly characterize Plaintiff as 'not highly qualified' for purposes of federal No Child Left Behind Act monitoring and compliance, thereby prejudicing Plaintiff's professional career."

On these scant factual allegations, and these alone, Plaintiff makes the conclusory allegation that

"the acts and omissions practiced against the Plaintiff constitute discrimination and retaliation in violation of" the various sources of rights.

As to Plaintiff's equal protection claim in Count IV, Plaintiff does not allege that she is a member of a class of individuals subjected to disparity in treatment by the State.  Therefore, she presumably is bringing a claim under the "class-of-one" theory of equal protection.  However, "the class-of-one equal protection theory, whatever its contours, 'does not apply in the public employment context.'"  *Pignanelli v. Pueblo School Dist. No. 60*, 540 F.3d 1213, 1220 (10th Cir. 2008) (quoting *Enquist v. Oregon Dept. of Agri.*, 553 U.S. 591, 598 (2008)).  Therefore Count IV is dismissed because it fails to state a claim.

As to Counts I, II, III, and V, a cause of action under each of those claims, whether direct discrimination or retaliation, requires some form of showing that the applicable impermissible purpose (whether a discriminatory or retaliatory purpose) had some sort of causal relationship with the complained-of actions.  This is true for the ADEA, *see Lucas v. Dover Corp.*, 857 F.2d 1397, 1400 (10th Cir. 1988) (holding in context of ADEA discrimination claim that "[i]t is well settled that an ADEA plaintiff must establish that age was a 'determining factor' in the employer's challenged decision") and *Sanchez v. Denver Publ. Schools*, 164 F.3d 527, 533 (10th Cir. 1998) (listing the third element of an ADEA retaliation prima facie showing: "a causal connection existed between protected activity and the adverse employment action"); it is true for the ADA, *see Doyal v. Okla. Heart, Inc.*, 213 F.3d 492, 495 (10th Cir. 2000) (holding that discrimination under the ADA requires a prima facie showing that "the employer discriminated against her because of her disability") and *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1264 (10th Cir. 2001) (retaliation under the ADA requires prima facie showing that "there was a causal connection between the protected activity and the adverse action"); it is true for the

4

NMHRA, *see Trujillo v. Northern Rio Arriba Elec. Coop., Inc.*, 131 N.M. 607, 612 (2001) (holding that NMHRA claims are to be analyzed with guidance from the appropriate federal framework, such as for an ADA claim); and finally it is true in a claim for First Amendment retaliation, *see Deutsch v. Jordan*, 618 F.3d 1093, 1097–98 (10th Cir. 2010) (setting forth five-step analysis for government employer's violation of employee's free speech rights, including that "the employee must show that his speech was a substantial factor or a motivating factor in a detrimental employment decision").

In order to establish a claim against an employer for an adverse action under a discrimination or retaliation theory, one must allege that discrimination or retaliation caused the adverse action. Such a proposition is hardly novel, contentious, or exotic. Nevertheless, Plaintiff does not allege a single fact in the length and breadth of her Complaint that would support a finding that Defendants acted with any impermissible purposes. In other words, Plaintiff could establish the truth of every single factual allegation she makes in the Complaint, and still fail by a wide measure to establish any viable claim upon which relief could be granted her. "Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss. While specific facts are not necessary, some facts are." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (internal quotation and citation omitted).

With regard to Plaintiff's final Claim VI for punitive damages, that claim is premised upon the other claims, having no independent grounds, and so it too will be dismissed.

Accordingly, because Plaintiff's Complaint does not state a claim upon which relief could be granted, the Court hereby **GRANTS** Defendant WLVSD's Motion to Dismiss Counts I, II, and III, and Defendants' Motion to Dismiss Counts IV, V, and VI, and **DISMISSES WITH**

5

**PREJUDICE** Plaintiff's Complaint, thus disposing of this case on its merits and in its entirety.

    **SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE